# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: A.A.

No. 17-0315 (Wayne County 16-JA-023)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.A., by counsel Kerry A. Nessel, appeals the Circuit Court of Wayne County's March 1, 2017, order terminating his parental rights to A.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Todd R. Meadows, filed a response on behalf of the child in support of the circuit court's order. Mother T.A., by counsel Alison R. Gerlach, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging an extended history with Child Protective Services ("CPS"), as well as a history of domestic violence. The DHHR also alleged petitioner did not properly protect the child, had substance abuse issues, and voluntarily relinquished his rights to an older child. When the petition was filed, petitioner was incarcerated for felonious assault against the mother. Petitioner was sentenced to one to five years of incarceration for that crime. Petitioner waived his preliminary hearing.

In May of 2016, the circuit court held an adjudicatory hearing at which petitioner stipulated to being incarcerated and unable to properly care for the child. In July of 2016, the circuit court held another hearing. Petitioner did not attend the hearing, but was represented by counsel. The circuit court ordered the DHHR to develop a family case plan and ordered both

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

parents to cooperate with the DHHR and the case plan. In October of 2016, petitioner contacted the DHHR and advised that he had been paroled. A multidisciplinary team ("MDT") meeting was scheduled, but petitioner failed to appear or participate. In November of 2016, the circuit court held a status review hearing where it found that petitioner had been released from incarceration and was minimally compliant with the DHHR. In January of 2017, the circuit court held a status review hearing. Petitioner did not attend the hearing but was represented by counsel. The circuit court found that petitioner failed to participate in parenting classes and random drug screens. Petitioner did not request an improvement period at the hearing.

In February of 2017, the circuit court held a dispositional hearing where petitioner moved for a post-adjudicatory improvement period. The case worker testified that petitioner failed to cooperate with the DHHR and had not taken drug screens as ordered by the circuit court. The case worker also testified that when petitioner was released from incarceration, a special MDT meeting was scheduled but petitioner missed the meeting. She also testified that petitioner was inconsistent in making contact with her. Petitioner testified that he had missed at least two hearings since being released from incarceration and that he never called the DHHR to request they provide transportation to the hearings or the MDT. He also admitted that he knew in advance the dates of the hearings. Further, petitioner denied that he had a substance abuse problem and refused to admit to the extent of his physical abuse of the mother. Specifically, he admitted to "blacking her eyes," but denied he had broken her cheek, nose, and ribs. The circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. The circuit court ultimately denied petitioner's motion for a post-adjudicatory improvement period and terminated his parental rights in its March 1, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The child's mother successfully completed her improvement period and was ultimately dismissed from the proceedings. According to the parties, the permanency plan for the child is to remain in his mother's care.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

First, petitioner argues that he should have been granted a post-adjudicatory improvement period. In support of his argument, petitioner asserts that he was willing to comply with any and all requirements of a case plan or improvement period and that he should have been given an opportunity to improve upon being released from incarceration. We disagree. In order to obtain a post-adjudicatory improvement period, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrates, by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period[.]" Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of an improvement period because petitioner failed to participate in services offered by the DHHR. Petitioner also failed to attend the MDT meeting scheduled after he contacted his case worker and admitted to missing at least two status hearings. Additionally, petitioner failed to participate in parenting classes and random drug screens. Based on this evidence, petitioner did not prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of an improvement period. Therefore, the circuit court did not err in denying petitioner a post-adjudicatory improvement period.

Petitioner also argues that the circuit court erred in terminating his parental rights. Petitioner argues that because of his participation in services, the circuit court should have considered a less-restrictive alternative. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

3

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. The record on appeal shows that petitioner complied only minimally with services and failed to participate in parenting classes and random drug screens. The record also shows that petitioner had a history of domestic violence and did not admit to the extent of the injuries he caused to the child's mother. Additionally, petitioner did not make efforts to attend hearings or the MDT. Moreover, the circuit court found that termination was necessary for the child's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's termination of parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 1, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4